## THE STATE OF KANSAS v. A. J. HUNT.

1. PROHIBITION ACT, *Not Violated.* The defendant was prosecuted criminally for selling spirituous, malt, vinous, fermented and other intoxicating liquors, without having a permit therefor from the probate judge of the county. Upon the trial it was shown that the defendant sold such liquors as the clerk and managing agent of his wife, who owned the drug store in which the liquors were sold, and who had a druggists' permit to sell intoxicating liquors, issued by the probate judge of the county. *Held,* That the defendant is not liable.

2. INFORMATION, *Charging a Public Offense.* A criminal information charged that the defendant "willfully and knowingly and unlawfully sold, bartered and gave away spirituous, malt, vinous, fermented and other intoxicating liquors, for other purposes than for medical, scientific and mechanical purposes, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Kansas." *Held,* That the information charged a public offense, notwithstanding the fact that it did not state that the defendant did not as a druggist sell the liquors above mentioned to some other druggist. (*The State v. Shackle,* ante, p. 341.)

### *Appeal from Cherokee District Court.*

PROSECUTION for violations of ch. 128, Laws of 1881. February 2, 1882, the jury found the defendant *Hunt* guilty on each of the five counts of the information filed against him. New trial denied, and defendant sentenced to pay a fine of $100 on each count, and the costs of the prosecution, and to be committed to the county jail until the fines and costs were paid. From this judgment he appeals. The opinion states the facts.

*C. O. Stockslager,* and *Blair & Perry,* for appellant.

*W. R. Cowley,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution under the prohibition act of 1881. The case was commenced originally by the county attorney of Cherokee county directly in the district court, by filing an information containing five counts, in four of which counts the defendant was charged

with selling spirituous, malt, vinous, fermented and other in-
toxicating liquors, without having a permit therefor from the
probate judge of said county; and in the fifth count he was
charged with selling the liquors prohibited by the statute for
other than mechanical, medical and scientific purposes.

The fifth count reads as follows:

"V. And the county attorney further informs the court,
and avers that one A. J. Hunt, then and there in a certain
frame building, on lot No. 8, in block No. 27, of the original
plat of the city of Columbus, in the county of Cherokee and
state of Kansas, on the 10th of November, 1881, and at
divers times before that date, did willfully and knowingly
and unlawfully sell, barter and give away spirituous, malt,
vinous, fermented and other intoxicating liquors, for other
purposes than for medical, mechanical and scientific purposes;
contrary to the statute in such cases made and provided, and
against the peace and dignity of the state of Kansas."

The case was tried before the court and a jury, and the jury
found a verdict against the defendant upon all the counts of
the information, and judgment was rendered accordingly.
The defendant now appeals from that judgment.   The de-
fendant raises two questions, and two questions only, which
are stated in his counsel's brief as follows:

"*First*, That in the light of the testimony, the defendant
could not be convicted under the first four counts of the in-
formation, or either of them; and, *second*, that the fifth count
does not state a public offense."

The defendant moved for a new trial, and filed other
motions, and took exceptions, so as to properly raise these
questions in the court below.   We shall consider these ques-
tions in their order.

I. The records of the probate judge of Cherokee county
show that C. A. Hunt filed the necessary petition, bond, etc.,
under § 2 of the prohibition act of 1881, for the purpose of
obtaining a druggists' permit to sell intoxicating liquors in
accordance with the said act, and that she obtained such
permit, and had the same at the time it is charged that
the liquors in the present case were sold, and that she

still had the same at the time of the trial in this case. The defendant in the present case, A. J. Hunt, testified on the trial that the C. A. Hunt to whom the said permit was issued was his wife; that she was the owner of the drug store in which said liquors were sold, and that she carried on the drug business in the building described in the information; and that he, the defendant, was doing business for her at that place, and for her benefit, and as her head clerk or manager; or, in other words, that she was the absolute owner of the stock and business, and that he was simply her clerk and managing agent. This evidence was uncontradicted. The question, then, presented under the first four counts of the information, is simply this: Can a person who, as a clerk or managing agent, and who does not himself have a permit to sell intoxicating liquors, but who sells the same in a drug store, as the clerk or managing agent of a druggist who does own the drug store, and who has a permit to sell intoxicating liquors therein, be prosecuted and convicted for selling intoxicating liquors in such drug store without having a druggists' permit therefor? This question we think must be answered in the negative. Where a druggist has a permit to sell intoxicating liquors, all his clerks and agents may sell the same in his drug store without violating the law; and this must be true, although the clerk or agent selling the liquor might be a general agent or general manager of the druggist for his whole drug business.

The counsel for the state cites a number of authorities upon this question, but we do not think that any of them have application to the present case. They simply go to the extent of holding that where a person acts as the clerk or the agent of another in selling intoxicating liquors for him in violation of law, and where neither the clerk nor the proprietor has any license authorizing such sale, that both, or either of them, may be prosecuted and punished for violating the law. This is undoubtedly the law; but it has no application to the case which we are now considering. Every person who aids, assists or abets in the commission of an offense, whether present or

absent, whether as principal or proprietor, or general manager, or agent, or clerk, or servant, is liable to be prosecuted and convicted and punished for such offense. Nothing but innocence will excuse a supposed offender.

II. The second question has already been decided in this court, in the case of *The State v. Shackle*, ante, p. 341. The fifth count under the decision already made, states an offense, and under the evidence introduced in this case, the defendant was unquestionably guilty; and as he sold the liquors as the agent or general manager of his wife, his wife was also guilty, provided of course that she authorized the sales to be made as they were made, and for the purposes for which they were made; but so far as we are informed, she has not yet been prosecuted for the offense.

The judgment of the court below upon the first four counts of the information will be reversed, and a new trial ordered; and upon the fifth count of the information the judgment of the court below will be affirmed.

All the Justices concurring.