STATE *vs.* JOHN SOLIO.

*Criminal Law—Selling Intoxicating Liquors—Indictment;*
*Sufficiency of—Pleading.*

It is not sufficient in an indictment for selling intoxicating liquors to allege that the defendant did "unlawfully sell intoxicating liquors, to wit, unlawfully to one," etc. The indictment must set out with sufficient certainty the nature and character of the offense charged·

(*November 21, 1902.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Herbert H. Ward,* Attorney-General, and *Robert H. Richards,* Deputy Attorney-General, for the State.

*J. Frank Ball* for the defendant.

Court of General Sessions, New Castle County, November Term, 1902.

INDICTMENT FOR SELLING INTOXICATING LIQUOR ILLE-GALLY (No. 34, November Term, 1902.)

The indictment was as follows:

"November Term, 1902.
" New Castle County, ss.

" The Grand Inquest for the State of Delaware, and the body of New Castle County, on their oath and affirmation, respectively, do present, that John Solio, late of Wilmington Hundred, in the County aforesaid, on the first day of September, in the year of our Lord one thousand nine hundred and two, with force and arms at Christiana Hundred in the County aforesaid, at a certain place there situate to wit: at the place known as Montchanin Station, in the Hundred and County last aforesaid and at which said place the

business of selling intoxicating liquors was then and there carried on; he the said John Solio, did then and there unlawfully sell intoxicating liquor to wit, unlawfully to one John Mackinnon against the form of the Act of the General Assembly, in such case made and provided, and against the peace and dignity of the State.

"HERBERT H. WARD,
"*Attorney-General.*

"ROBERT H. RICHARDS,
"*Deputy Attorney-General."*

*Ball for defendant* :—I move to quash the above indictment on the ground that it does not fully and plainly inform the defendant of the nature and character of the accusation against him, as required by the Constitution of the State of Delaware.   It simply states a conclusion of law—an illegal sale—but does not specify that the business of selling intoxicating liquor was then and there carried on even illegally.   The presumption is that it was carried on legally.   It states that the business of selling liquor was then and there carried on and then goes on and states that he did then and there unlawfully sell intoxicating liquors, but does not specify wherein it was unlawful, or whether he was doing an unlicensed liquor business, or whether he was a licensed liquor dealer and sold in quantities less than a quart in violation of the law, or whether he sold to minors or on Sundays.   There is a special statute against violation of the liquor law, found in *Volume 20, Laws of Delaware, 473,* which provides that no person licensed under this section shall sell or deliver any intoxicating liquor upon any public street, alley, etc., and as a penalty for the violation thereof, provides a fine of not less than fifty dollars nor more than one hundred dollars and imprisonment of not less than thirty days nor more than sixty days ; and that might be the statute that is violated.

Under certain regulations, certain people have a right to sell intoxicating liquors and this indictment should negative the existence of the license or authority to do the act complained of.

*11 Ency. Pl. and Prac., 528 ; 120 Mass., 386.*

I hold that the specific offense should be set out and that, therefore, this indictment should be quashed.

*Richards, Deputy Attorney-General :*—We have no authorities to cite controverting the position taken by the counsel for the defendant. The indictment is a stock printed blank which has been used in the office of the Attorney-General from time immemorial. It was filled up in the same way as when used heretofore in similar cases, and there have been numerous convictions and sentences thereunder.

LORE, C. J. :—The Court are unanimously of opinion that this indictment should be quashed, because it does not set out with sufficient certainty the nature and character of the offense charged.

Indictment quashed.