### STATE vs. ANTONIO OLEKSY AND JOSEPH HELENSKI.

INDICTMENT AND INFORMATION—STATUTES—VIOLATION OF LIQUOR LAW.

*Rev. Code* 1852, amended to 1893, *p.* 419 (16 *Del. Laws, c.* 384) § 12, which provides that, in prosecutions against any vendor of intoxicating liquors, it shall not be necessary to allege that the defendant had no license, but that the fact of license shall be matter of defense under the plea of not guilty, does not violate *Const. art.* 1, § 7, requiring an indictment to plainly inform the defendant of the nature of the accusation against him.

(*May* 23, 1912).

Statement—Argument.

PENNEWILL, C. J., and WOOLLEY and RICE, J. J., sitting.

*Josiah O. Wolcott*, Deputy Attorney General, for the state.

*Philip L. Garrett* for the defendants.

Court of General Sessions, New Castle County, May Term, 1912.

INDICTMENT for "selling intoxicating liquor without license" (No. 43, May Term, 1912).

Motion to quash indictment because it did not plainly and fully inform the defendants of the nature and cause of the accusation against them in accordance with the provisions of *Section 7, of Article 1, of the Constitution of the State of Delaware.*

The indictment is set out in the opinion of the court.

### ARGUMENT OF COUNSEL FOR DEFENDANTS.

The indictment does not plainly and fully inform the defendants of the nature and cause of the accusation against them in accordance with the provisions of *Section 7, of Article 1 of the Constitution of the State of Delaware.*

In *State v. Solio*, 4 *Penn*. 138, the court were unanimous in opinion that the indictment should be quashed because it did not set out with sufficient certainty the nature and character of the offense charged.

In *State v. Polk*, 6 *Penn*. 456, the court considered *Section 12, page* 419, *Revised Code* (1893), but it does not appear that counsel for the defendant supported his contention with any authorities that said provision was unconstitutional or that the court considered that question.

In *State v. Fagan*, 1 *Boyce* 45, a motion was made to quash the indictment because it failed to aver the sale without a license. The court merely stated that it was of opinion that the case of *State v. Polk* governed and the application to quash was refused.

It is impossible to comprehend that the Legislature intended in the face of the Constitution to relieve the state from fully informing the defendant of the nature and cause of the accusation against him. There is nothing before the court to show whether these

Argument.

defendants are charged with selling intoxicating liquor without a license or within two miles of any campmeeting, held for religious worship, in violation of *Section* 3 of *Chapter* 131, *Revised Code*, *p.* 952.

The defendant denies the right of the Legislature to prescribe a form which, in fact, charges no crime.    *State v. Learned*, 47 *Maine* 426.

The accused has the right to know the charge in the whole form and substance against him, to contest it, and, if not proved to the satisfaction of a jury, to demand an acquittal.    *Saco v. Wentworth*, 37 *Maine* 172; *Approved in State v. Mace*, 76 *Maine* 64 (66); *State v. Learned*, 47 *Maine* (*supra*); *Enders v. People*, 20 *Mich.* 233 (240); *People v. Olmstead*, 30 *Mich.* 431 (437).

The evils to be removed by the various acts concerning indictments consisted in redundant verbiage, and in minute charges which were not required to be proven as alleged.    And these difficulties were chiefly confined to common-law offenses.    Statutory offenses were always required to be set out with all the stautory elements: *Koster v. People*, 8 *Mich. R.* 431; *Enders v. People*, 20 *Mich. R.* 233.

In this state the courts have unanimously held that the indictment should fully inform the defendant of the nature and cause of the accusation against him.    *State v. Walker*, 3 *Harr.* 547; *State v. Vincent*, 1 *Marv.* 560; *State v. McDowell*, 1 *Penn.* 2.


## ARGUMENT OF ATTORNEY GENERAL.

The defendants are plainly and fully informed of the offense with which they are charged.

It is submitted that under *Section* 12, *Revised Code* 419, it is not necessary to aver in the indictment that the defendants had no license for the sale of intoxicating liquors.

The constitutionality of the said act and the sufficiency of an indictment like this have been passed upon by this court.    *State v. Polk*, 6 *Penn.* 456; *State v. Fagan*, 1 *Boyce* 45.

RICE, J., delivering the opinion of the court:

The grand jury of this county, at the present term, indicted Antonio Oleksy and Joseph Helenski for the unlawful sale of intoxicating liquor, the indictment being as follows:

"That Antonio Oleksy and Joseph Helenski, both late of Wilmington Hundred, in the county aforesaid, on the third day of March, in the year of our Lord one thousand nine hundred and twelve, with force and arms, at Wilmington Hundred in the county aforesaid, did then and there unlawfully sell intoxicating liquor, to wit, lager beer, to one Felix Lewandowski, against the form of the act of the General Assembly, in such case made and provided, and against the peace and dignity of the state."

Counsel for the defendants moved to quash the indictment on the ground that "it does not plainly and fully inform the defendants of the nature and cause of the accusation against them in accordance with the provisions of *Section 7, Article 1, of the Constitition of the State of Delaware.*"

That the defendants are plainly and fully informed in the indictment of the offense with which they are charged is claimed by the state, and it is urged that under the provision of *Revised Code, p.* 419, *c.* 53, § 12, it is not necessary for the indictment to set forth that the defendants had no license for the sale of intoxicating liquors.

*Section* 12, *Chapter* 384, *Volume* 16, *Laws of Delaware, Revised Code,* 419, provides: "In prosecutions against any vendor of intoxicating liquors, it shall not be necessary to aver or allege in any form that the defendants had no license; but the fact of license shall be matter of defense under the plea of not guilty."

Against this claim of the state the defendants' counsel contends that *section* 12 is unconstitutional in that it violates the provisions of *Section 7, Article* 1, of the *Constitution.*

The questions for our consideration in this case have been passed on by this court in three reported cases.

In the case of *State v. Solio,* 4 *Penn.* 138, 54 *Atl.* 684, the court on motion quashed the indictment on the ground that it did not set out with sufficient certainty the nature and character of the offense charged. In the *Solio case* the attention of the court was

not called to *section* 12, and its provisions, but in the next case considered, which is the case of *State v. Polk*, 6 *Penn.* 456, 69 *Atl.* 1006, the state made the same contention in respect to *section* 12 as it makes in the present case, and at that time it was urged on behalf of the defendant that the said section of the *Code* was not constitutional.

The court held *section* 12 to be constitutional and refused to quash the indictment. This decision was followed by this court in the case of *State v. Fagan*, 1 *Boyce* 45, 74 *Atl.* 692, when it refused to quash the indictment, the court saying at the time that it was governed by the decision of the court in the *Polk case*.

Thus while this court in the early case held the indictment to be insufficient, yet in the two later cases, and the only cases in which the constitutionality of *section* 12 was raised, the court held the indictments in the respective cases to be good.

This court is of the opinion that it should adhere to the decisions of the same court in the later cases.

We therefore overrule the motion and refuse to quash the indictment.