STATE *vs.* HAROLD WITSIL.

(*May* 23, 1925.)

RICHARDS, J., sitting.

*Leonard G. Hagner*, Deputy Attorney-General, for the State.
*P. Warren Green* for the defendant.

Court of General Sessions for New Castle County, March
Term, 1925.

RICHARDS, J., delivering the opinion of the court:

The defendant was indicted at the March Term of the Court
of General Sessions in and for New Castle County, for unlawfully
transporting spirituous liquor, in violation of *Section* 4, *of Chapter*
10, *of Volume* 29, *of the Laws of Delaware*, generally known as the
Loose Law. His trial at the same term of court resulted in a con-
viction.

The reason assigned by the defendant in support of his motion
for a new trial was the fact that the state failed to negative the ex-
ceptions set forth in the statute.

It is undoubtedly true that there are certain conditions named
in *Section* 4 of the Loose Law under which it is not unlawful to
transport spirituous liquor, such conditions being as follows:

"Nor to the delivery of liquors for medicinal purposes to druggists actively
engaged in business, nor to delivery to churches or the proper officers thereof
of wines for sacramental purposes, nor to shipment of liquor in continuous
transit to a point where the sale of intoxicating liquors is not prohibited by
law."

The question before the court is: Was it necessary for the
state to allege in the indictment that the spirituous liquor in ques-
tion was not being transported for any of the purposes enumerated
in the statute?

Counsel for the defendant has referred to several Delaware
cases which, he claims, support his contention, but an examination

of them discloses either that the offense charged was not of the same nature as the offense with which this defendant is charged, or that the provisions of the statute differed from those of the statute to be construed in this case.

The first case cited was that of *State v. Solio*, 4 *Penn*. 138, 54 *A*. 684. In this case the indictment charged that the defendant "did then and there unlawfully sell intoxicating liquor, to wit, unlawfully to one John Mackinnon," without specifying the nature of the unlawful act, there being many ways in which it might have been unlawful, such as a sale to a minor or without a license; and the court held that the indictment should be quashed because it did not set out with sufficient certainty the nature of the offense charged.

In the case of *Mott v. State*, 5 *Penn*. 474, 62 *A*. 301, the defendant was charged before a magistrate with performing worldly business on the Sabbath day; neither the affidavit of complainant nor the record of the magistrate stated what the worldly business consisted of. The statute contained the following provision: "Works of necessity and charity excepted." *Rev. Code* 1893, *p*. 953, *c*. 131, § 4. The court reversed the judgment upon the ground that the exceptions in the statute should have been negatived.

Both of these cases involved the real nature of the offense, and this court fails to see how they can be considered as authority for the contention of counsel for the defendant.

The case of *State v. Jester*, 2 *Harr*. 531, was a case in which the defendant was indicted for obstructing a road, the court holding that the termini proved must correspond with the termini set forth in the indictment, the allegation being descriptive. This Court agrees that it is important in an indictment for obstructing a public road that the allegation and proof of the termini thereof should agree in order that its course may be properly determined, but it does not think that the case has any bearing upon the case now before it. In *State v. Norkewicz*, 3 *Penn*. 299, 51 *A*. 601, the defendant was indicted for embezzlement, the allegation in the indictment being certain paper money and sundry coins, which

the defendant was alleged to have received, while the proof was as to certain aluminum checks used in exchange for certain commodities kept for sale by the Polish Library Association. Upon a motion for binding instructions to find the defendant not guilty, the court held that the proof did not sustain the indictment, and that when you describe the particular kind of money it must be proved as alleged.

The recent case of *Dean v. State*, 2 *W. W. Harr*. (32 *Del*.) 469, 125 *A*. 478, was a case in which the defendant, Dean, was indicted for manslaughter. It was alleged in the indictment that by force of a collision between an automobile driven by the defendant with an automobile driven by one Lockerman, Lockerman was thrown against certain parts of his car, receiving injuries which resulted in his death. The defendant contended that the proof showed that Lockerman's death resulted from being thrown out of his car on the stone road, and that consequently a new trial should be granted as the state had failed to prove the case as set out in the indictment. The court held that whether the injuries received by him were caused by being thrown against the car or on the road, the character of the injuries received by him as well as the manner of inflicting them were of substantially the same nature, and that it was sufficient to prove the substance of the issue.

The chief contention in the last two cases mentioned was that the allegations were descriptive of the offense charged, and therefore the proof should correspond therewith. But how would this be helpful in the case at issue, where the main contention is that the indictment failed to contain allegations which negatived the exceptions in the statute?

The statute with which we are dealing, in clear and definite language makes it unlawful for any person to transport to any place within the state of Delaware, any liquors as therein defined, without any exceptions thereto, followed by the penalty for the first and second offenses; it is true that a subsequent portion of the same section contains certain exceptions to the operation of the statute; these exceptions, however, not only do not appear in that portion of the section which is descriptive of the offense charged, but are separated from it by certain provisions as to the penalty.

The state called attention to the case of *State v. George U. Sockum*, 6 *Boyce* 350, 99 *A*. 833, as being decisive of the question under consideration. Sockum was indicted and tried for carrying concealed a deadly weapon; his counsel requested the court to instruct the jury to return a verdict of not guilty because it had neither been alleged nor proved that he had no license to carry concealed a deadly weapon. The statute providing for the licensing of persons to carry concealed deadly weapons was a separate and distinct statute from the one making it a misdemeanor to carry concealed such weapons, and, therefore, the question raised is not directly in point, but the contention made by the state, that if the accused had a license it was peculiarly within his knowledge, and was a matter of defense, could well be applied to this case. The court refused to instruct the jury as requested.

No hardship is placed upon the defendant by holding that it was not necessary to allege in the indictment that the transportation was not for the purpose set out in the latter part of *Section 4* of the statute, because if the liquor was being so transported it was certainly within the knowledge of the defendant, and could be brought out as a matter of defense.

The court is unable to see what advantage it would have been to the defendant, if the indictment had contained such allegations as are contended for by his counsel; the offense with which he is charged is clearly stated, and he could have shown in defense anything which under the provisions of the statute would have made his actions legal.

The motion for a new trial is refused.

NOTE.—Whether *provisos* or exceptions appearing in statutes declared on, and which form the basis of criminal prosecutions compose a part of the description of the particular offenses involved and, therefore, whether they must be negatived in the declaration or indictment, was discussed in some detail in the following Delaware cases: *Silver v. Rhoades*, 2 *Harr.* 369; *Brinkley v. Jackson, Houst.* 71; *Socum v. State*, 1 *Houst.* 204.

The same principle is involved in suits on contracts and was also discussed in *Trustees of New Castle Common v. Stevenson*, 1 *Houst.* 451.