STATE *vs.* BARLOME PANTOLOME.

(*January* 14, 1926.)

RICHARDS, J., sitting.

*Leonard G. Hagner*, Deputy Attorney-General, for the State.

*John J. Morris, Jr.*, for defendant.

Court of General Sessions for New Castle County, January Term, 1926.

Indictment No. 30, January Term, 1926.

RICHARDS, J., after stating the contentions of both the state and the defendant, charged the jury, in part, as follows:

*Section* 1 of a statute of this state, known as the Loose Law, provides that the words "spirituous liquors" as used in said act shall include all vinous or spirituous liquors, wine, whisky, brandy or other intoxicating drinks containing so much as one-half of one per cent. of alcohol by volume.

*Section* 2 of the same act provides that it shall be unlawful for any person to have in his possession, at any one time, more than one quart of spirituous liquor.

*Section* 5 of the same act contains the provision that the act shall not be construed to prevent any one from manufacturing from native fruits for his *own* domestic consumption, wine or cider, or possessing the same.

The defendant does not deny that he had in his possession at least 450 gallons of wine and that he manufactured it himself.

The only questions for your consideration, therefore, are whether he manufactured said wine from native fruits, and whether he had it in his possession for his own domestic consumption.

The words "native fruits," as used in the statute, mean fruits grown in the state of Delaware. The statute is in effect in the state of Delaware and nowhere else. Native fruits are native with reference to the place to which the statute relates. *Commonwealth v. Petranich*, 183 *Mass.* 217, 66 *N. E.* 807.

■ As stated before, the defendant contends that he has not violated the statute, by reason of the fact that he made wine from native fruits for his own domestic consumption, and that he possessed it for that purpose. This is the defense set up by the defendant, and it is the defendant's duty to prove such defense to your satisfaction. *Wharton's Crim. Ev.*, § 128; *State v. Rosasco*, 103 *Or.* 343, 205 *P.* 290.

■ If you should be satisfied beyond a reasonable doubt that the defendant did have in his possession, on or about the date alleged in the indictment, more than one quart of spirituous liquor, and that said liquor was not manufactured from native fruits, or was not possessed by the defendant for his own domestic consumption, your verdict should be guilty.

But if you are not so satisfied, your verdict should be not guilty.

Verdict not guilty.

Note. When an exception in a statute must be negatived in the indictment and, therefore, proved by the state, see *State v. Witsil*, 3 *W. W. Harr.* (33 *Del.*) 30, 129 *A.* 862.