Argued June 4; affirmed June 30, 1936

# STATE *v.* COOK ET AL.
### (58 P. (2d) 249)

*M. W. Skipworth,* of Marshfield (Goss, Murphy & Skipworth, of Marshfield, on the brief), for appellants.

*Ben C. Flaxel,* District Attorney, of North Bend, for the State.

BEAN, J. The defendants Charles Cook and Mabelle Emerson were indicted by the grand jury of Coos county, tried and convicted of the crime of unlawfully selling alcoholic liquor. Mabelle Emerson was sentenced to be confined in the county jail for a period of six months and fined in the sum of $250; Charles Cook was sentenced to be confined in the county jail for 30 days and fined in the sum of $100. Defendants appeal.

The charging part of the indictment is as follows:

"The said Charles Cook and Mabelle Emerson on the 3rd day of April, 1935, in the County of Coos and State of Oregon then and there being, and being then and there a licensee of the Oregon Liquor Control Commission, did then and there unlawfully and willfully sell, in said County and State, alcoholic liquor of a

kind other than their, the said Charles Cook and Mabelle Emerson, license permitting them, the said Charles Cook and Mabelle Emerson, to sell, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.''

■ The testimony tended to show that defendant Mabelle Emerson, on and prior to April 3, 1935, was operating a restaurant and beer dispensing establishment at Empire, Oregon, and was the holder of a state license by virtue of which she was authorized by the Oregon Liquor Control Commission, under the Oregon Liquor Control Act, to sell beer and wines of not greater than 17 per cent of alcohol by weight at her place of business, known as the Tavern, which place is described in her license. The defendant, Charles Cook, was her employee and bartender for the restaurant and beer dispensing establishment. He was not named in the license and was not a licensee, but would be protected under Mrs. Emerson's license in acting as an employee for the defendant Mabelle Emerson in dispensing beer or wines containing not over 17 per cent of alcohol by weight: *State v. Hunt,* 29 Kan. 762. On April 3, 1935, he gave his full time to such employment. On that date two state officers visited the establishment, at which time the defendant Cook was in her employment as bartender, and purchased from the defendant Cook a bottle of whiskey containing more than 17 per cent of alcohol by weight.

■■ Defendants assign that the court erred in receiving evidence of the license, claiming the same was at variance with the indictment. The district attorney contends that the use of the words ''their license'' instead of using the words ''her license'' as shown by the license, Exhibit B, is merely an imperfection and does

not constitute a fatal variance or failure of proof. Section 13-715, Oregon Code 1930, provides:

"No indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

An indictment will not be held insufficient where the acts charged as a crime are displayed with such degree of certainty as to fully inform defendant of the nature of the offense with which he is charged: *State v. Frasier,* 94 Or. 90 (180 P. 520, 184 P. 848).

Section 33 of chapter 428, Laws of 1935, provides as follows:

"It shall be unlawful: For any person to peddle or deliver alcoholic liquor to or at any place, where, without a license, alcoholic liquor is sold or offered for sale, or for any licensee to sell or offer for sale, any alcoholic liquor of a kind, or in a manner, or to a person other than his license permits him to sell;  *  *  *"

The variance in the proof was not a material one. The same testimony could be introduced under the indictment that could be introduced if the indictment had alleged that Mabelle Emerson was the licensee and Charles Cook was her employee and dispensed the alcoholic liquor as alleged. In effect the indictment refers to the license and alleges a sale of alcoholic liquor of a kind other than the license permitted them to sell. Mrs. Emerson was the proprietor of the place and Charles Cook being her employee and dispenser of the liquors would be protected or licensed in the sale of beer and wines not in excess of 17 per cent of alcohol by weight.

A variance as to a matter which is not material is not fatal. Under the modern practice, a variance is

not material unless it misleads the accused in making his defense or may expose him to the danger of again being put in jeopardy for the same offense. The purpose of the rule as to a variance is to avoid surprise: 31 C. J. 840, § 451. "Variance between allegation and proof which does not go to the extent of showing that the offense proved is not the offense charged is immaterial": *Ware v. State,* 12 Ala. App. 101 (67 So. 763); *Mulrooney v. State,* 26 Oh. St. 326; 31 C. J. 841, Note 84 (a).

Section 13-703, Oregon Code 1930, provides:

"The indictment must contain,— * * * 2. A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

■ The indictment in question contained a fair statement of the acts of defendants constituting the offense so as to enable any person of common understanding to know what was intended; that is, Cook, as employee, and Mrs. Emerson, as employer, were both under the license permitted to sell at Emerson's Tavern, it being their joint authorization to sell beer and wines, not containing over 17 per cent of alcohol by weight, and protection from arrest. A reasonable construction of the indictment gave both defendants fair notice of the nature and elements of the charge and of the license referred to. In other words, defendant Cook, being an employee of the licensee, defendant Emerson, can be held criminally liable for violation of the license law if he was shown to have violated the law against the sale of liquor other than as permitted by the license, while acting as such employee. Section 14-1002, Oregon Code 1930, abolishes the distinction between principals

and those who aid and abet in the commission of a crime. Either of the defendants could well understand the allegation that they "did then and there unlawfully and willfully sell, in said county and state" alcoholic liquor of a kind other than the license permitted them to sell. That instrument uses the identical words of the statute. The agent Cook was also fully aware of the crime with which he was charged, namely, the unlawful sale of intoxicating liquor, and the charge "other than their * * * license permitted them" is in effect a charge of sale without any license. See *State v. Fagan,* 24 Del. 45 (74 Atl. 692), where it is stated:

"The court has ruled in this case, and so charges you now, that when a person having a license sells liquor without and beyond the authority of another kind of license, he sells it just as if he did not have the first license granted him by the court, * * *."

When a person is employed by a licensee he is under the protection of the employer's license and it is his duty to see that the license properly authorizes him to make any sale which he makes for such employer: *State v. Hunt,* supra. Mabelle Emerson and Charles Cook could be indicted jointly for the sale of liquor which the license did not give the right to sell and which no license could give them the right to sell. Section 14-1002, Oregon Code 1930, provides that one who aids and abets another in the commission of a crime may be indicted as a principal.

■ Defendants assign that the court erred, on the direct examination of witness W. J. Mulkey, in overruling defendants' objection to admitting in evidence Exhibit A, the bottle of liquor purchased from defendants on the date named in the indictment. The bottle of whiskey was identified as that said to have been pur-

chased from defendants and was properly received in evidence.

■ Defendants also assign error, on the direct examination of witness W. J. Mulkey, in the court's overruling defendants' objection to the testimony that officer Young and he visited the Tavern at Empire on April 3, 1935, for the purpose of purchasing liquor and made the purchase and explaining how the purchase was made. There was no error in receiving this testimony. Mr. Mulkey was instructed by Young, chief special agent of the Oregon Liquor Control Commission, to go to the Tavern for that purpose. He gave the details as to what kind of liquor it was and about how long it took to make the purchase.

■ Defendants assign error of the court in admitting, over defendants' objection, testimony of witness R. M. Young to the effect that he was at the Tavern in question April 1, 1935, with officer Mulkey and three other men, and that they walked up to the bar and ordered and received drinks of whiskey. Cook, the bartender, was back of the bar, and Mabelle Emerson was in front. There can be no objection to this testimony on account of the remoteness of the sale. It was only two days before the sale alleged in the indictment. The court plainly instructed the jury in regard to the testimony of this witness, that if the jury found there was some previous sale in a place which was under the direction and control of defendant Mabelle Emerson they might consider the evidence, giving it such weight as they thought it was entitled to, bearing upon the question whether she had authorized or had knowledge of the alleged sale on April 3. The court charged the jury to direct all their attention to the question of whether there was or was not a sale on April 3, stating

to them that "the law only permits the state to attempt to prove the commission of one offense in one case, and they have elected to stand upon the alleged offense of April 3rd".

■ Proof of other sales of intoxicating liquor is competent to show authorization by the accused where the sale complained of was made by his agent or servant: 15 R. C. L. 398, § 164.

■ Defendants also contend that there was error in the direct examination of witness J. W. Yeast, in the court's permitting his testimony, over defendant's objection, in showing how much liquor had been purchased at the state liquor store by either Mabelle Emerson or Charles Cook between March 1 and April 3, 1935. In order for defendants to make a sale of liquor it was necessary for them to have a stock of liquor, or some liquor, to sell, and testimony showing that defendants purchased considerable liquor was a circumstance showing that they were in a position to sell liquor. Evidence of excessive purchases, or possession, of alcoholic liquor about or prior to the time of the alleged offense is admissible as showing means and opportunity to make the unlawful sale: *State v. Dollar,* 88 Kan. 346 (128 P. 365, 366); *State v. Emmons,* 63 Or. 535 (127 P. 791); 33 C. J. 753, § 493.

■ Defendants also complain of the court's overruling defendants' objections in the cross-examination of Charles Cook in regard to his purchasing liquor and his manner of living. The facts and circumstances elicited upon cross-examination were germane to the facts testified to by Cook in chief; he, having offered himself as a witness, was subject to cross-examination the same as any witness: *State v. Deal,* 52 Or. 568 (98 P. 165); *State v. Stilwell,* 109 Or. 643, 662, 663

(221 P. 174). The extent of the cross-examination of a witness rests largely within the discretion of the trial judge. Neither questions objected to nor the answers were prejudicial to defendants' case: *Vale v. Campbell,* 123 Or. 632, 635 (263 P. 400); *Fletcher v. Saunders,* 132 Or. 67, 72 (284 P. 276). We find no evidence of abuse of discretion in permitting or excluding the cross-examination. Abuse cannot be predicated upon a ruling from which no injury resulted.

■ Defendants assign errors in the instructions of the court to the jury. The court plainly instructed the jury in conformity with its ruling upon the evidence and in conformity to law. The court gave the following instruction, to which defendants excepted:

"Concerning the license matter, I instruct you that if the instrument, Exhibit B, which purports to be the license, was issued by the Commission to Mabelle Emerson, then so far as the form of license is concerned, the form which appears on Exhibit B would be sufficient for the State to prove in this case, in other words, I instruct you as a matter of law that it was not necessary for the State to prove a license which expressly shows on its face the name of both of the defendants as licensees. You will observe that the name of Mabelle Emerson alone appears on that license. It is not necessary for the State to prove a license issued in the name of both, if it was issued to the defendant Mabelle Emerson and if Charles Cook was acting as her employee under the license."

We approve the instruction. We find no error in the charge of the court to the jury.

Defendants made several other assignments of error which we have carefully examined. We find no reversible error in regard thereto.

Finding no error in the record, the judgment of the circuit court is affirmed.