Argued June 5, affirmed June 19, 1963

# STATE OF OREGON *v.* MARSHALL

382 P. 2d 857

*David M. Spiegel,* Portland, argued the cause for appellant. On the brief were Spiegel & Spiegel, Portland.

*David Robinson, Jr.,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN and LUSK, Justices.

## PER CURIAM.

Defendant was convicted of violating ORS 164.240 (burglary not in a dwelling) and appeals.

The only question is whether the state failed to prove a material part of the indictment.

The charging part of the indictment was copied verbatim from a printed form of information of felony which alleged that the defendant:

"* * * did then and there unlawfully and feloniously break and enter, by then and there forcibly bursting an outer *window* thereof, a certain building situated at No. *1701 N. W. Thurman* in the City of Portland, County of Multnomah, State of Oregon, in which said building there was at said time kept certain personal property, to wit: certain valuable goods and chattels, with intent then and there on the part of him, the said *defendant* to then and there unlawfully and feloniously take and steal therein and carry away said personal property * * *."

■ Since the indictment charged an intent "to then and there unlawfully and feloniously take and steal

therein * * *," the defendant says the state had to prove that the entry was accomplished with the intent to commit grand larceny (a separate felony). Proof of an intent merely to steal is said to be a fatal failure of proof. The state did prove that the defendant stole property, but did not prove that the property stolen was of the value of $75.00 or more, the amount necessary to constitute a separate larceny a felony under ORS 164.310. (Under 164.240, any intent to steal accompanying the unlawful entry is sufficient, as is any intent to commit some felony. *State v. Luckey,* 150 Or 566, 46 P2d 1042 (1935).)

■ While we approve of neither the garrulity nor the grammar employed in the printed form, its worst defect is the redundant "feloniously". The indictment did not charge a separate larceny or an attempted larceny. Had it done so it would have been bad for duplicity. The state need not have alleged that the intent was to "feloniously" take and steal property after the breaking of the building. Any stealing under such circumstances, however, would be a part of a felonious act and, accordingly, could be described as felonious. The indictment fully advised the defendant that he was charged with the illegal entry of a building with intent to steal. Whether he intended to steal $75.00 or 75 cents is immaterial.

■ The failure to prove an immaterial allegation is not fatal. *State v. Waggoner,* 228 Or 334, 365 P2d 291 (1961); *State v. Dewey,* 206 Or 496, 518, 292 P2d 799 (1956); *State v. Cook,* 154 Or 62, 59 P2d 249 (1936). The test of materiality is whether the word can be stricken out of the indictment. See *State v. Russell,* 231 Or 317, 372 P2d 770 (1962). If the indictment still charges the same crime after the word is stricken,

the word is surplusage. Failure to prove surplusage is not a failure of proof. *State v. Waggoner,* supra. Neither is it a variance. *State v. Cook,* supra.

Affirmed.