## CHARLES JORDT V. THE STATE.

Article 765 of the Penal Code reads as follows: "If any person shall steal
any horse, gelding, mare, colt, ass, or mule, he shall be punished by con-
finement in the penitentiary not less than five nor more than fifteen years."
(Paschal's Dig., Art. 2409, Note 686.)  A gelding is not a horse, but a
eunuch; and an indictment for stealing a horse is not sustained by proof
that the accused stole a gelding.

APPEAL from Colorado.   The case was tried before Hon.
I. B. McFARLAND, one of the district judges.

The defendant was indicted for stealing "a certain sorrel
horse," &c.   The judge charged the jury to determine from
the evidence whether the animal stolen was a horse or not.
The jury returned a verdict of guilty, and sentenced the
defendant to five years' imprisonment in the penitentiary.
The witnesses all swore that the animal was a horse, but
that he had been gelded.   It was assigned for error, that
the court refused an instruction asked by the defendant;
but no such instruction was in the record.   There was a
motion for a new trial overruled, and that was assigned for
error.

*W. J. Darden,* for plaintiff in error.—A gelding is not a
horse.   (Penal Code, Art. 765; Wharton's Criminal Law,
136, 224; 4 Ohio, 350; Banks v. The State, 28 Tex., 644.)

*E. B. Turner, Attorney General,* for the state.—The only
point in this case, whether under our statute an indictment
for theft of a horse can sustain a verdict and judgment
where the proof shows that the animal stolen was a geld-
ing, as in this case.   (Paschal's Dig., Art. 2404.)

This statute names both, and thereby seems to recognize
a distinction, whether wisely or not, is not the inquiry.

My examination has resulted in finding cases sustaining

the view of the appellant. (Hooker v. The State, 4 Ohio, 348.) The case is submitted upon the transcript.

LINDSAY, J.—The appellant in this case was indicted for stealing a horse. The proof showed that the property taken was a gelding, an animal which may be, like all eunuchs, of no sex. The Criminal Code provides that where words in the masculine gender are used in the penal statutes of the State, they shall include the feminine also. This case does not come within the category of that general provision, for a gelding is neither the one nor the other. The term is used in the statute upon which this indictment was founded distinctively from the word horse, and a conviction for the theft of a horse, upon the proof of taking feloniously a gelding, would be as incongruous as that of stealing a mule or an ass upon a similar indictment.

If the theft of a specific domestic animal was committed, it should have been correctly charged in the indictment. For the error of the court in refusing a new trial the judgment is reversed, and the cause remanded.

REVERSED AND REMANDED.