## HENRY GIBBS v. THE STATE.

1. On the trial of an indictment for the theft of a gelding, the jury found the defendant "guilty of horse stealing." *Held*, in view of our statute and of former decisions of this court, that the verdict did not find the defendant guilty of the offense for which he was indicted. (Paschal's Digest, article 2409; Jordt v. The State, 31 Texas, 571.)

2. It was not competent for the State, in rebuttal to evidence of general good character of the accused, to prove particular instances of criminal conduct against him, which were not connected with the charge for which he was being tried.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

On an indictment for the theft of a gelding, the defendant was convicted by the jury of "horse stealing," and his punishment was assessed at five years in the penitentiary.

The accused examined a witness as to his, the defendant's, general character for honesty. The witness stated that it was good

among all classes, "all but a few things," and was proceeding to say that he had lately heard of "one or two things," when he was stopped by the defendant's attorney, and informed that he must not mention any particular transaction, whether of advantage or prejudice to the accused, but could only state whether his general character was good or bad in his neighborhood, for honesty. The witness then answered that it was good. On the cross-examination the district attorney asked the witness what were those "one or two things" he had heard respecting the accused, and told the witness to state all about them. The defendant's attorney objected to the question, on the ground that particulars of character are not admissible. But the court overruled the objection, and the witness was permitted to state that he had lately heard that the defendant had stolen an ox and a mule. Exceptions to the ruling of the court were duly reserved. A new trial being refused to the defendant he appealed.

*J. R. Burns*, for the appellant, cited on the question of evidence the late English case of Regina v. Rowton, 2 Leading Criminal Cases, 333, in which the question was fully considered, and evidence of particular acts held to be inadmissible, even in rebuttal.

No brief for the State.

OGDEN, J.—The judgment in this case must be reversed, because of a fatal error in the verdict of the jury. The defendant was indicted for the theft of a gelding, and the jury found him guilty of "horse stealing." He was therefore indicted and tried for one offense, and the jury found him guilty of another. (See Jordt v. The State, 31 Texas, 571.)

We presume the verdict was written out by the jury, under the mistaken idea that a gelding is a horse, and it was the duty of the district attorney and the court to have had the verdict of the jury corrected, or else to give the defendant a new trial.

Opinion of the court.

We also think the court erred in permitting the district attorney to prove individual instances of bad character of the defendant, disconnected with the charge for which he was being tried, in rebuttal of proof of a general good character.

The judgment is reversed and the cause remanded.

Reversed and remanded.