STATE, RESPONDENT, v. McDONALD, APPELLANT.

CRIMINAL LAW — *Grand larceny — Variance between allegation and proof.* — Under section 78, fourth division of the Compiled Statutes, providing that the stealing of certain specially described animals shall be deemed grand larceny, an indictment for stealing "one iron-gray horse, a gelding," is not supported by proof of the stealing of an animal described as a horse or colt, and the variance between the allegation and proof is fatal.

*Appeal from Eighth Judicial District, Choteau County.*

The defendant was tried before BENTON, J.

Statement of facts, prepared by the judge delivering the opinion.

The defendant was indicted for grand larceny. The subject of the larceny is described in the indictment as "one iron-gray horse, a gelding, about three years old," etc. The proof on the trial on the part of the prosecution described the animal alleged to have been stolen as a "horse" or "colt." Each of these words were used by the witnesses. The defendant moved to be discharged on the ground of the variance between the allegation and the proof, claiming that the indictment describes a gelding, and the proof of the larceny of a horse or colt is insufficient. The record states that all the proceedings are therein contained. No witness for the State testified that the animal was a gelding. On such evidence the defendant moved to be discharged. The county attorney did not offer to aid his proof by showing that the animal was a gelding. The motion to discharge being denied, the defendant was convicted.

The statute under which the indictment was drawn provides: "If any person or persons shall steal, or with intent to steal, shall take, carry, drive, lead, or entice away any mare, gelding, stallion, colt, foal, or filly, mule, or ass, ox, cow, bull, stag, heifer, steer, or calf, being the property of another, of whatever value, he or they shall be deemed guilty of grand larceny," etc. (§ 78, Crim. Law.) The first question raised on the appeal is whether the variance was fatal.

*F. N. & S. H. McIntire,* for Appellant.

*Henri J. Haskell,* Attorney-General, for the State, Respondent.

DE WITT, J.— A horse is "a neighing quadruped used in war, draught, and carriage." (Johns. Dict.) Webster uses the term in two senses: (1) Generically, as the animal simply, including all variations of age, sex, and condition; (2) specially, as indicating the male in distinction to the female. We believe that the term has a third sense, a popular sense, as denoting a castrated male in distinction to a stallion. The indictment is carelessly drawn. It describes the animal as "an iron-gray horse, a gelding." A "gelding" is a fully castrated horse, in distinction to a "stallion," who is possessed of all his parts, and a "ridgling," which is deprived of half of them. How the pleader used the word "horse" in the indictment we can determine only from the context. If he employed it in the first sense, generically, then the word "gelding" following, defined and specialized the general term, and indicated the variety of "horse" intended, to wit, a gelding, and the allegation amounts to a charge of stealing a gelding. If the word "horse" were used in the second sense, it is equivalent to alleging that the animal was a male, and then by adding the word "gelding," describing the kind of a male, that is, a "gelding," in distinction to a "stallion." Again, if the word "horse" be employed in its most restricted sense, as meaning a castrated animal of the species, we have simply the description of a gelding. We conclude that the indictment describes the larceny of a gelding. Is the charge proved by evidence of the stealing of a "colt" or "horse"?

The statute is a special one, making the taking of certain

animals grand larceny, without regard to the amount of the
value. Statutes similar to this one use the descriptive terms
"horse, mare, gelding, colt, filly, ass," etc. Our statute omits
the word "horse." In the statutes employing this word, as a
description of one of the subjects of larceny, "horse" means
the unaltered male animal. (See cases *infra.*) Our statute sup-
plies that term so used by the word "stallion." In the States
having the statutes referred to, it is held that an indictment for
stealing a horse is not supported by evidence of larceny of a
gelding, and *vice versa.* (*Hooker* v. *State,* 4 Ohio, 348; *State*
v. *Buckles,* 26 Kan. 237; *Turley* v. *State,* 3 Humph. 323;
*Jordt* v. *State,* 31 Tex. 571; 98 Am. Dec. 550; *Banks* v. *State,*
28 Tex. 644; *Brisco* v. *State,* 4 Tex. App. 219; 30 Am. Rep.
162; and Texas cases cited in Bishop on ·Statutory Crimes,
§ 248, n. 5; Wharton's Criminal Evidence, § 124; Wharton's
Precedents on Indictments, 415, n. *a; State* v. *Royster,* 65
N. C. 539; *State* v. *Plunket,* 2 Stew. 569.) Applying the
doctrines of those cases to the descriptive words used in our
statute, an indictment for the larceny of a stallion would fail
on proof of the taking of a gelding, and *vice versa.* In the
case at bar the larceny alleged. is of a "gelding." The proof
is of a "horse," — something not included in the special statute
describing the subjects of larceny within the purview of its
special provisions. When the witnesses testified about a horse,
they meant to describe something, but what was in their minds
their words do not disclose. If they used the word in the first
sense indicated above they meant "a neighing quadruped used
in war, draught, and carriage," including not only males and
females, but males possessed of all of the gifts of nature, or
deprived of such endowments by the art of man, and stall-
ions, geldings, ridglings, and mares, old and young, grown and
colts. If the witnesses confined the term to the second defini-
tion of "horse," which we have shown obtains, they testified
about a "stallion." If they employed the word in the third
and most restricted sense, they may have intended a "gelding."
But there is nothing to indicate that such was the signification.
Thus, in the indictment, we have the description of one definite
well-known object; in the proof, a term which may be applied
to a half-dozen different objects. The matter is not aided if

we take the testimony that the animal was simply a "colt." "Colt" is separately named in the statute, and proof of stealing a "colt" does not support an indictment for taking a "gelding," under this specially descriptive statute. Not only is the weight of authority with these distinctions, but we are of opinion that they are well taken, and not technical. A defendant is not proven guilty if it be shown that he took not the article charged in the indictment, but may have taken one of several others, when the statute specially distinguishes between the objects. The judgment is reversed, and the cause remanded for a new trial.

BLAKE, C. J., and HARWOOD, J., concur.