[Criminal No. 102.   Filed May 7, 1896.]

[44 Pac. 1089.]

ALBINO MARTINEZ, Defendant and Appellant; v. TER-
RITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—INDICTMENT—MATERIAL ALLEGATION—STEER—PROOF
—COW—VARIANCE—REV. STATS. ARIZ. 1887, PEN. CODE, PAR. 765,
CITED.—In an indictment under the statute, *supra,* making the
felonious taking of a cow, steer, etc., grand larceny, charging de-
fendant with the larceny of a steer, the allegation that the animal
stolen was a steer is a material allegation, and must be proved as
charged. Proof that the animal stolen was a cow is a fatal variance.

APPEAL from a judgment of the District Court of the
First Judicial District in and for the County of Pima.
Joseph D. Bethune, Judge. Reversed.

The facts are stated in the opinion.

Barnes & Martin, for Appellant.

Thomas D. Satterwhite, Attorney-General, for Respondent.

HAWKINS, J.—Defendant was indicted for the larceny of
a steer, the property of the Empire Land and Cattle Com-
pany. He pleaded not guilty. On the trial of the cause, the
testimony of witness Turner, the foreman of the cattle com-
pany, disclosed that the animal stolen was a spayed cow.
The statute (Pen. Code, par. 765) makes the "felonious tak-
ing of . . . cow, steer, bull, calf, . . . or any neat or horned
cattle, grand larceny, without regard to the value." A
"steer" is defined to be a "young male of the ox kind, or
common ox; especially a castrated taurine male, from two to
four years old." Webster. Defendant moved the court to
strike out all of witness Turner's evidence relating to such
cow, on the ground that the indictment charged the larceny of

a steer. . The court overruled the motion, and, on the case going to the jury, the defendant asked the court to give the following instructions: ''(2) You are also instructed that one of the material allegations of the indictment is that the animal alleged to have been stolen was a steer, and such fact must be proven to your satisfaction beyond a reasonable doubt, or you must acquit the defendant. (3) You are further instructed that, if you find from the evidence before you in this case that the animal alleged to have been stolen was a spayed cow, you must acquit the defendant.'' The court erred in refusing to grant said motion, as well as in refusing to give said instructions. The allegation that the animal stolen was a steer is, under the statute, a material allegation, and must be proved as charged in the indictment. This is not a new question. The statute of this territory is similar to that of Texas before the Texas statute was amended. The supreme court of Texas has decided again and again that it is a variance to allege one kind of animal and prove another. *Banks* v. *State,* 28 Tex. 645; *Jordt* v. *State,* 31 Tex. 571, 98 Am. Dec. 550; *Swindel* v. *State,* 32 Tex. 103; *Gibbs* v. *State,* 34 Tex. 135; *Keesee* v. *State,* 1 Tex. App. 298; *Persons* v. *State,* 3 Tex. App. 241; *Brisco* v. *State,* 4 Tex. App. 219, 30 Am. Rep. 162; *Allen* v. *State,* 8 Tex. App. 360. Montana has also followed the above decisions. *State* v. *McDonald,* 10 Mont. 21, 24 Am. St. Rep. 25, 24 Pac. 628. We do not deem it necessary to examine the record further in said action. The judgment is reversed.

Baker, C. J., and Rouse, J., concur.