[Criminal No. 185.    Filed March 30, 1905.]

[80 Pac. 321.]

FRANK MILLER, Defendant and Appellant, v. TERRI-
TORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—STATUTES — CONSTRUCTION — CRIMINAL — COMMON-
LAW RULE—ABOLISHED IN ARIZONA—REV. STATS. ARIZ. 1901, SEC. 5,
CONSTRUED.—The common-law rule that penal statutes must be
strictly construed and nothing be left to implication has been abol-
ished in Arizona by section 5, *supra*, which provides that ''The rule
of the common law that penal statutes are to be strictly construed
has no application to this code.  All its provisions are to be con-
strued according to the fair import of their terms, with a view to
effect its object and to promote justice.''

2. CRIMINAL LAW—GRAND LARCENY—COLT—SUBJECT OF—IRRESPECTIVE
OF VALUE—REV. STATS. ARIZ. 1901, SEC. 444, AS AMENDED BY ACT
No. 18, LAWS 1903, CONSTRUED—MARTINEZ V. TERRITORY, 5 ARIZ.
55, 44 PAC. 1089, DISTINGUISHED.—Under section 444, *supra*, as
amended, making it grand larceny to steal a horse, mare, gelding,
etc., the term ''mare'' is sufficiently comprehensive to include within
its meaning property described in an indictment as ''one certain
animal of the horse species,—to wit, a female colt about one year
old,'' and the property so described is therefore the subject of
grand larceny, irrespective of its value.

3. APPEAL AND ERROR—CONFLICT OF EVIDENCE—FINDING—CONCLUSIVE
.—DICKSON V. TERRITORY, 6 ARIZ. 199, 56 PAC. 971, CITED.—Where
in a prosecution for grand larceny the intent being a material ele-
ment of the offense charged, the evidence was such that the jury
could have reasonably inferred that the taking was with a felonious
intent, their finding will not be disturbed on appeal.

4. EVIDENCE—EXPERT TESTIMONY—ANIMALS—RELATIONSHIP—IDENTIFY-
ING COLT AS BELONGING TO CERTAIN MARE.—In a prosecution for
grand larceny it is not error for the court to permit horsemen of
experience to state that a colt belonged to a certain mare, their
testimony being based upon their experience as stockmen and per-
sonal observation of the conduct of the two particular animals
toward each other.

APPEAL from a judgment of the District Court of the
Second Judicial District in and for the County of Graham.
Fletcher M. Doan, Judge.    Affirmed.

The facts are stated in the opinion.

Edwards & McFarland, and Alexander Buck, for Appellant.

Joseph H. Kibbey, Attorney-General, for Respondent.

DAVIS, J.—The defendant was charged by the indictment in this case with "the crime of grand larceny, committed as follows: The said Frank Miller, on or about the 4th day of June, A. D. 1903, and before the finding of this indictment, at the county of Graham, territory of Arizona, did willfully, unlawfully, and feloniously, take, steal, and drive away one certain animal of the horse species, to wit, a female colt about one year old, the said female colt then and there being the personal property of Mary Spofford; contrary to the statutes in such case made and provided, and against the peace and dignity of the territory of Arizona." He was convicted of grand larceny, and sentenced to a term of seven years' imprisonment in the territorial prison. The appeal is from the judgment of conviction and from an order denying the defendant's motion for a new trial.

It is urged upon us that the verdict and judgment are not sustained by the evidence,—first, because there was no proof on the trial of the value of the colt described in the indictment; and second, because there was no evidence of any felonious intent. Section 444 of the Penal Code of this territory, as amended March 12, 1903, reads as follows: "Grand larceny is larceny committed in either of the following cases: (1) When the property taken is of the value exceeding fifty dollars. (2) When property is taken from the person of another. (3) When the property taken is a horse, mare, gelding, cow, steer, bull, calf, mule, jack, jenny, goat, sheep or hog, or any neat or horn cattle." It is contended by counsel for the appellant that a "colt" is not included within the specification of the third subdivision of this section, and that it is therefore not such property the stealing of which would constitute grand larceny, without regard to its value. But we do not think that the Texas cases relied upon to support this view are in point. Under a statute of that state making it a felony to steal "any horse, gelding, mare, colt, ass, or mule," it was held that an indictment for stealing a horse was not sustained by proof of the theft of a mare; for the statute having mentioned both "horse" and "mare" showed that the words were not intended by the

legislature to be synonymous. *Banks* v. *State,* 28 Tex. 645. And it was held for the same reason that an indictment for the theft of a horse could not be sustained by proof that the animal stolen was a gelding. *Jordt* v. *State,* 31 Tex. 571, 98 Am. Dec. 550. So, too, it has been held by our own supreme court, under the statute which we are now considering, that an indictment charging the larceny of a steer is not supported by proof of the stealing of a cow. *Martinez* v. *Territory,* 5 Ariz. 55, 44 Pac. 1089. But these cases were upon questions of variance. In the case before us there is no claim of variance between the proof and the averment, but the question presented is purely one of statutory construction. Is the property mentioned in the indictment one of the domestic animals which is included within the designation of the statute? The term "horse," in its generic sense, embraces all the different varieties of that animal, however diversified by age, sex, or condition. In employing the words "horse, mare, gelding," the statute makes a classification as to sex, but no distinction based upon age. As a general rule, when a statute names adult animals only, the young are included under the same description. If the object of the law was to reach and punish criminals, it is not to be presumed that the legislature meant to hamper its execution by leaving in uncertainty such questions as to when a colt becomes a horse or a filly becomes a mare. In the case of *People* v. *Soto,* 49 Cal. 67, the supreme court of California had before it a question somewhat analogous to that which is here presented. In that state the statute made "cows, bulls, steers, and calves" the subject of grand larceny, without regard to value. The animal stolen was a heifer. In construing the statute the court said: "It is evident, we think, that in making it a felony to steal a cow the legislature intended to include under that designation a heifer also, which is but a young cow. The statute enumerates by particular designation cows, bulls, steers, and calves; and it cannot reasonably be inferred that it was intended to exclude heifers, but rather that it was the intention to designate them as cows." Commenting upon certain decisions in both English and American courts, seemingly at variance with this view, the court referred to the fact that these had been rendered in jurisdictions where the rule prevailed that penal statutes must be strictly construed, and nothing be left to implication. But

this rule had been abolished in California. So it has also been in this territory by the fifth section of the Penal Code, which provides that "The rule of the common law that penal statutes are to be strictly construed, has no application to this code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its object and to promote justice." Tested by the last-mentioned rule of construction, we hold that the term "mare," as used in section 444, is sufficiently comprehensive to include within its meaning the property which is described in the indictment as "one certain animal of the horse species, to wit, a female colt about one year old"; and that the property so described is therefore the subject of grand larceny, irrespective of its value.

Upon the point relating to the felonious intent, the propositions of law which are stated by the appellant cannot be seriously challenged. Such intent is necessary to complete the offense, and if the defendant honestly believed that the animal which he was charged with stealing belonged to him he was not guilty of larceny. The rule which makes the taking under an honest, though erroneous, claim of right, a defense to an indictment for larceny, is one of the very few instances in which ignorance of the law affects the legal character of acts done under its influence. In the case before us the question of the good faith of the defendant's claim of ownership was submitted to the jury under proper instructions, and was decided adversely to him. There was evidence on the trial from which the jury could reasonably have inferred that the taking of the colt was with felonious intent. They passed upon the sufficiency of this evidence after seeing the witnesses and their demeanor upon the stand. The trial judge reviewed its sufficiency upon the motion for a new trial. Under these conditions we are not now justified in disturbing the finding. *Dickson* v. *Territory*, 6 Ariz. 199, 56 Pac. 971.

It is claimed that the court erred in permitting two witnesses for the prosecution, over the defendant's objection, to state their opinion that the colt in question belonged to a certain mare which it had been following. In each case the opinion of the witness was based upon his experience as a stockman and his personal observation of the conduct of the two particular animals toward each other. We think that a person long familiar with the conduct between mares and

colts is competent to express an opinion as to this relationship, and that there was no prejudicial error in the ruling of the court upon this point.

The motion for a new trial was properly overruled, and the judgment of the district court will be affirmed.

KENT, C. J., and SLOAN, J., concur.