CLEMONS v. STATE.

Opinion delivered November 14, 1921.

1. LARCENY—INDICTMENT—VARIANCE.—There is a material variance between an indictment alleging the larceny of two cows and proof of larceny of a steer.

2. CRIMINAL LAW—VARIANCE BETWEEN INDICTMENT AND PROOF—ASSIGNMENT.—An assignment in the motion for new trial challenging the legal sufficiency of the evidence is sufficient to raise the question whether there is a substantial variance between the indictment and the proof.

3. INDICTMENT AND INFORMATION—VARIANCE.—A substantial variance between the allegations of the indictment and the proof amounts to a failure of proof.

Appeal from Arkansas Circuit Court, Northern District; *George W. Clark,* Judge; reversed.

*Chapline & Morrison,* for appellant.

One indicted for stealing a cow cannot be convicted of stealing a bull. 34 Ark. 160.

In an indictment where the allegation is unnecessarily minute as to the description, the proof must satisfy that description. 64 Ark. 231; 119 Ark. 503.

The existence of a felonious intent is a question for the jury.    25 Cyc. 129.    The publicity of the taking was evidence of good faith.    79 Ga. 564; 11 Am. St. Rep. 447. And of more force was the fact that the claim was not for himself but for another.    29 Ga. 75; Am. & Eng. Ency. (2nd Ed.)  Vol. 18, p. 525.

The taking of property under authority of another in the *bona fide* belief that he is authorized to do so is not larceny.  59 Ark. 641; 27 S. W. 225.    One taking property under an honest belief that he is the owner, does not constitute larceny.    96 Ark. 148.    The mere fact of the taking and carrying away does not raise the presumption of guilt, a criminal or felonious intent must be shown.    32 Ark. 238.

*J. S. Utley,* Attorney General; *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

Even if it be conceded that there was a fatal variance between the allegation in the indictment and the proof introduced, no objection was raised by appellant at the time, and it is too late to object on appeal.    133 Ark. 66; Ency. of Evidence, Vol. 13, pp. 740, 741; Am. & Eng. Ency. of Law, Vol. 28, pp. 61, 62.

Objections to instructions made for the first time on appeal cannot be considered.    70 Ark. 348; 74 Ark. 566; 70 Ark. 490; 124 Ark. 599.

Objections will not be considered on appeal where no objections were saved below nor referred to in the motion for new trial.    62 Ark. 543.    Exceptions must be preserved in the motion for new trial.    90 Ark. 482. Errors not set out in motion for new trial will not be considered on appeal.    117 Ark. 198; 106 Ark. 138.

The court will not inquire into the correctness of the verdict if there is substantial evidence to support it.    135 Ark. 117.    If the evidence is substantial the verdict must stand.    134 Ark. 385.

Even if it be conceded that the juror Marshall had both formed and expressed an opinion, if appellant did

not ask him on his *voir dire* whether or not he had heard a similar case, he did not show due diligence.    154 Ark. 36; 93 Ark. 301.

McCULLOCH, C. J.    The indictment against appellant charges grand larceny in the stealing of two cows, the property of George Carlson, and on the trial of the case the State proved the stealing of a steer, the property of Carlson.

There was no objection made to this testimony, but one of the grounds set forth in the motion for new trial is that the verdict is contrary to the evidence.    In other words, in the proceedings below, appellant in apt time raised the question of sufficiency of the evidence, but did not, when the testimony was introduced, raise the question of the variance between the allegations in the indictment and the proof.

It is conceded by the Attorney General that there is a substantial variance between the indictment and the proof, and that if the question had been raised in apt time it would have been fatal to the State's case, but it is insisted that it is too late to raise that question here for the first time.    That the variance is material is settled by several decisions of this court.    *State* v. *McMinn,* 34 Ark. 160; *Keoun* v. *State,* 64 Ark. 231.    The case of *State* v. *Haller,* 119 Ark. 503, is not in conflict with prior decisions.    We agree that the question cannot be raised here for the first time, but is it not raised by the assignment in the motion for a new trial challenging the legal sufficiency of the evidence?    We think that the result of a substantial variance between the allegations and the proof is necessarily a failure of proof, for the proof must conform to the allegations, and, unless it does, there is no evidence to sustain the verdict. Our previous decisions seem to be to the effect that a material variance between the allegations and the proof may be raised on appeal in the same way that the legal

sufficiency of the evidence may be challenged. *Wilburn* v. *State,* 60 Ark. 141; *Blevins* v. *State,* 85 Ark. 195.

The judgment is therefore reversed, and the cause is remanded for a new trial.