Argued October 11; affirmed November 19; rehearing denied
December 10, 1929

## STATE *v.* HAROLD W. CHRISTY.

(282 Pac. 105)

For appellant there was a brief and oral argument by *Mr. W. P. Myers.*

For respondent there was a brief and oral argument by *Mr. W. T. Miller,* District Attorney.

ROSSMAN, J.  The defendant was indicted under §1950, O. L., for the crime of larceny of livestock and upon the trial was found guilty; from the resulting judgment he appeals and assigns for our consideration fifteen alleged errors.  Since many of these are predicated upon an alleged insufficiency of the indictment we quote its charging part as follows:

"The said Harold W. Christie did on the — day of June, A. D. 1928, in the said county of Josephine and state of Oregon, then and there being, did then and there unlawfully and feloniously take, steal and carry away the following described cattle, to-wit:  One red cow, weight about 1,000 pounds, black nose, red Pole Stock, Natural Muley, crop off right ear, Branded "J.B." in right hip.  One light Rhone Heifer, weight about 600 pounds, Rhone Durham and Jersey, branded "J. B." on right hip, and underslope on right ear and upper scallop on each ear.  One spotted Steer with white face, weight about 700 pounds, two years old coming three branded "J.B." on left hip, underslope in each ear and upper scallop in each ear.  One white faced steer, red, branded "J.B" on left hip, age coming three, underslope in each ear, and upper scallop in each ear.  One Rhone Heifer calf, eight or nine months old, branded "J.B." on right hip, underslope on each ear, and upper scallop on each ear, the personal property of one, J. W. Baird."

██ Specifically the defendant contends that the indictment is insufficient for the following reasons: "1. * * * wholly indefinite and uncertain there being no date given as to the crime attempted to be charged. 2. That more than one crime was charged in the indictment. 3. That the facts stated did not constitute a crime." The third objection is so devoid of merit that it requires no comment. The disposition of the first will be facilitated by recalling to mind the provisions of the code which define what matter, descriptive of the crime, must be stated in the indictment: § 1448, O. L., provides "The indictment is sufficient, if it can be understood therefrom,—* * * 5. That the crime was committed at some time prior to the finding of the indictment, and within the time limited by law for the commencement of an action therefor." The pleading charges that the crime was committed in June of 1928, which was within the time limited by law for commencing this action. Hence, we conclude that the indictment is not subject to this objection: *U. S. v. Conrad,* 59 Fed. 458; *State v. Barnett,* 3 Kan. 250 (87 Am. Dec. 471); *State v. Brooks,* 33 Kan. 708 (7 P. 591); *State v. Thompson,* 26 W. Va. 149; *State v. Harwi,* 117 Kansas 74 (230 P. 331). As a basis for his contention that the indictment charges more than one crime the defendant argues that the portion of it, from which we have quoted, consists of five different acts of theft, and that it is susceptible to the construction that the livestock may have been stolen upon five different days and from five different places, and that while it alleges that the last animal was the property of J. W. Baird, no such averment is made concerning the other four and hence they may have been the property of other individuals. The statutory

provision, § 1437, O. L., that the indictment must contain a statement of the facts constituting the offense in ordinary and concise language, without repetition and in such a manner as to enable a person of common understanding to know what is intended, does not require such precision of language that one who is determined to be misled will have no basis for a plausible contention supporting his self-imposed mistaken conclusions. The formula given by the statute is sufficiently clear for present purposes so that elaboration upon it, by way of definition, would be out of order; the one to be satisfied is "a person of common understanding." Apparently the courts believe that such a person "will not be misled by ordinary errors of punctuation when the entire context indicates the meaning of the author of the pleading": *Ward v. State,* 50 Ala. 120; *State v. Ratliff,* 170 N. C. 707 (86 S. E. 997); *Christian v. Commonwealth,* 132 Va. 616 (111 S. E. 130); *Butler v. Commonwealth,* 81 Va. 159; *People v. Kennedy,* 22 Cal. App. 29 (133 P. 25); *Post v. State,* 197 Ind. 193 (150 N. E. 99). Hence, if the pleading as a whole renders it sufficiently clear that the recitals between the periods were not intended as separate independent sentences, but only as clauses, mutually dependent, charging the defendant with a single act, we shall be justified in disregarding the periods and deeming that the proper punctuation is present. It will be readily perceived that if semicolons are substituted for all the periods, except the last, almost the entire basis for the defendant's contentions disappears. That the author of the indictment did not intend that its five divisions should be construed as separate sentences, without any reference to each other, is evident from the fact that last four subdi-

visions are obviously incomplete; three of them lack verbs and consist of nothing but descriptive details of three animals. The fourth is composed of similar matter and of a concluding clause which was obviously intended to unite these four subdivisions to the first. Alone these four clauses state no act or crime; when united to the first, they do. A person of common understanding, finding in an indictment such descriptive matter of four animals, would not conclude that its author had thus sought to uselessly encumber his pleading with foreign matter, but would readily understand that the four animals later described constituted the subject-matter of the theft as well as the first. We are satisfied that the rules governing the construction of pleadings warrant us in concluding that this indictment charges the theft of five animals as one crime. The defendant calls to our attention the following language found in *State v. Kelly,* 41 Or. 20 (68 P. 11): "It is usual and perhaps requisite that the time and place should qualify or be added to every alleged fact in an information or indictment for felony." It was there held that the qualifying clause referred to the date of the alleged offense and not to the date of the information, and with equal reason it is appropriate to conclude that the words "then and there" in the indictment now before us refer to the time of the alleged crime and not to the date of the pleading. But the defendant points out that the words "then and there" do not accompany the words "the personal property of one, J. W. Baird," and argues that therefore it is possible that the indictment may mean that Baird was owner at the time of the accusation, but not at the time of the alleged crime. A reading of the entire instrument, however, clearly indicates that it speaks of but

one time, June of 1928, and that its author intended to be understood as saying that the ownership of the livestock, like its weight, color, brand and markings, was averred as of that date. If the indictment had charged the theft of only one animal, and had omitted the descriptive language, which our statute does not require ·(§ 1445, O. L.), the fact that it clearly alleges Baird's ownership as of the time of the theft, would be more apparent; these additional recitals do not alter the allegation of the date or render it less certain. "Certainty to a common intent is sufficient in a repetition of time and place": 31 C. J., Indictments and Informations, § 223, p. 688. We conclude that the pleading sufficiently charges ownership of all of the cattle in Baird at the time and place of the alleged theft.

■ Several of the assignments of error arise out of the reception in evidence of a certified copy of the recorded brand of one, John W. Baird, and of testimony concerning the brand markings upon the two steers mentioned in the indictment. The copy of the brand received in evidence states that it was recorded in the office of the state veterinarian, February 2, 1928. The statutes in force at the times, with which we are concerned, made provision for the owner of a brand to record the same with the aforementioned official: 1927 Session Laws, ch. 150, p. 164. Another section of our laws makes provision that the brand of any animal should be prima facie evidence that the latter belongs to the owner of the recorded brand: § 9167, O. L. It is ·contended that the court erred because it did not require the state to precede proof of the recorded brand with evidence that the J. W. Baird, mentioned in the indictment, was the same individual

who recorded his brand with the state veterinarian. It is true that such preliminary proof was not required, but we believe that the objection made at that time was insufficient to call the state's and the court's attention to the fact that the defendant entertained any thought that possibly the recorder of the brand was not the same Baird as the one mentioned in the indictment. Before the trial John W. Baird died, and hence his testimony was unavailable to the state. We believe, however, that sufficient testimony was presented to prove that the Baird, whom the state contended owned these cattle, and the Baird, who filed the brand notice, was the same individual. For instance, the "J.B." brand, as described in the recorded instrument was upon the right hip of three of these animals; Mr. Baird's son testified that he and his father had thus branded at least two of these three, and that they had done so after his father had recorded the brand in February of 1928. The same witness identified the animals by reason of the brand upon them. Another witness, who testified that he was "very familiar" with the brand of J. W. Baird, the aforementioned deceased, constantly referred to three of these animals as bearing the latter's brand. The foregoing testimony and other occasional parts to like effect, together with the evidence that Baird, the deceased, was the owner of these five cattle, constituted sufficient evidence that the Baird mentioned in the indictment was the same individual who had recorded the brand filed in the state veterinarian's office.

█ It is next contended that the court ruled that the brand "J.B." upon the left hip of the two steers could be used for identification purposes, and that it erred in so holding. We fail to find in the record any

ruling which entirely supports the first portion of the above contention; but we are willing to assume that it is there. Apparently the district attorney was of the opinion that an unrecorded brand could not be used to establish either ownership or identity, and therefore offered no proof of the brand markings upon the two steers. Baird's recorded brand required its application upon the right hip; these two steers were branded upon the left hip. In support of the latter portion of the above contention advanced by defendant, he contends that an unrecorded brand found upon livestock cannot be employed even for identification purposes; the court so instructed the jury and so ruled in all instances except one. Session Laws, 1915, ch. 33, § 33, codified as § 9162, O. L., declared to the above effect. In *State v. Randolph,* 85 Or. 172 (166 P. 172), and *State v. Warner,* 91 Or. 11 (178 P. 221), this legislative rule was applied and this court held that an unrecorded brand could not be employed to establish identity. The decision in *State v. Randolph,* supra, written by Mr. Justice HARRIS and characterized with his customary thoroughness, points out that in the absence of such a statutory prohibition, an unrecorded brand, like any other mark upon an animal, is admissible for the purpose of identification. Session Laws, 1927, ch. 325, amended § 9162, by eliminating the following words, which were a part of § 9162: "Or for the purpose of identification." It is these words that Mr. Justice HARRIS relied upon in holding the unrecorded brand was not usable for identification purposes. It follows that since these words have been stricken from the law an unrecorded brand is usable for identification purposes like any color, or other physical feature of livestock; hence, this contention

of the defendant is without merit. In our opinion all assignments of error predicated upon the fire brand present no error.

■ The state was apparently unable to prove how the defendant obtained possession of these five animals, but the record indicates that the latter gave conflicting accounts in explaining his possession of them. In its endeavor to establish that the defendant had not obtained possession rightfully the state was permitted to offer the testimony of Baird's widow that Baird had not sold any of these animals to the defendant. It is now contended that the reception of this testimony constituted error; the defendant argues that there was no proof that the witness had any knowledge upon the subject and that her testimony did not refer to the particular cattle described in the indictment. These objections are without merit for several reasons, three of which we shall briefly state. First, since the witness, like her son, testified that no sales were made to the defendant she necessarily included these animals. Second, the state preceded this testimony with other proof showing the witness's means of acquiring her knowledge and thus rendered this testimony admissible; its weight, however, like that of all other testimony, whose credence is dependent upon the witness's opportunity for acquiring information, was for the jury. Third, shortly after the defendant's arrest he was called upon by one Jones, to whom he had sold these five animals, and was taken to task for the sale knowing "they did not belong to you but belonged to Mr. Baird." In the face of this accusation the defendant first remained silent, but when again thus accused replied: "I had a deal on for them," and finally stated that he neither purchased them nor paid for

them, and didn't know why he had made the sale. Later, he made restitution to Jones by delivering to him some cows of the value of these five animals. The sheriff of Josephine county, who was present when this conversation was held, testified to like effect. The defendant, who did not testify, made no effort to contradict this testimony. No error is revealed by this assignment.

■ The defendant contends that a fatal variance exists between the description of the animals as established by the proof and their description in the indictment. This contention is largely based upon the fact that the earmarks, described by the witnesses, are somewhat different from those appearing upon a drawing, which constitutes a part of a certified copy of Baird's recorded brand notice, offered in evidence by the defendant; another copy offered by the state omits the drawings of the earmarks. Both copies contain the same typewritten description of the earmarks. The latter does not correspond entirely with the description given by the witnesses, nor with that contained in the indictment. We notice, however, that witnesses, who were practical livestock men, testified that it is very difficult, if not impossible, to produce the precise earmark that the brander intended. Session Laws, 1921, ch. 151, p. 263, § 3, provides: "Owners of animals * * * may use earmarks and the same shall be taken in evidence in connection with the owner's recorded brand * * * in any criminal proceedings, when the title to such property is involved, or proper to be proved; * * *." The descriptions of color, kind, weight, age and like characteristics, given by the witnesses, correspond with substantial accuracy to those stated in the indictment, and, as we

have already observed, the brand marks upon the hips, as described by the witnesses, were precisely the same as averred in the indictment. We do not believe that the variance, above appearing, between the proof and the charge was in a material matter; the record does not disclose that it misled the defendant in making his defense and we cannot conceive how it could expose him to the danger of being placed again in jeopardy for this offense. It has been held that where an indictment described a horse as a bay with two white hind feet and the proof showed that he was a brown with one hind foot white, the variance was not material: *Goldberry v. State,* 66 Nebr. 312 (92 N. W. 906). The court's instructions upon the requirement that the proof must correspond substantially to the description, when the pleader described the animals with particularity, was complete and was expressed in an understandable manner; it added that all of the jury must agree upon the same animal and that a verdict of guilty could not be rendered unless the jury was satisfied beyond a reasonable doubt that at least one of the animals described in the indictment was the property of J. W. Baird and had been stolen by the defendant. The assignment of error charging a variance, in our opinion, presents no error.

■ It is next contended that the court erred in failing to instruct the jury that "one taking up an estray and selling the same without complying with the requirements of the statute" would not be guilty of larceny. We have carefully read the transcript of testimony, especially the part the defendant relies upon, and find nothing which would have warranted the jury in concluding that these five animals were estrays. Upon the contrary, we have already men-

tioned the account which the defendant gave immediately following his arrest as to the manner in which he had acquired possession of the animals. When the defendant was making his delivery of these animals to Jones he stated that he had obtained one of the steers from a Johnny Brazealle, and thus accounted for the brand "J.B." upon its left hip. Such being the situation there was no occasion for charging upon the subject of estrays.

The defendant also predicates error upon matters which are intrusted largely to the sound discretion of the trial judge. We have, however, carefully reviewed the record description of these instances, but find no occasion for concluding that the circuit judge disposed of these matters improperly.

The foregoing disposes of substantially all the assignments of error. The remainder, we feel, are not of sufficient consequence to warrant an expression of our views. The case was carefully tried by counsel and by the judge; the latter's instructions to the jury were both clear and comprehensive. The verdict of guilty is based upon a record free from error; it follows that the judgment below must be affirmed.

AFFIRMED. REHEARING DENIED.

COSHOW, C. J., McBRIDE and RAND, JJ., concur.