Argued May 8, reversed June 27, 1962

## STATE OF OREGON *v.* RUSSELL

372 P. 2d 770

*Pat Albano,* Ontario, argued the cause for appellant. With him on the briefs was Max S. Taggart, Ontario.

*Richard J. Courson,* District Attorney, Pendleton, argued the cause for respondent. On the brief was E. Otis Smith, District Attorney, Vale.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

GOODWIN, J.

Defendant was found guilty of stealing livestock and appeals from the resulting judgment.

The indictment under which the defendant was tried alleged that he stole "a certain yearling Hereford heifer, marked and branded with a lazy YD on the left hip * * *." All the evidence at the trial, however, proved that the animal was a "steer calf." The numerous assignments of error present issues arising out of the materiality of the variance between the pleading and proof, and the related failure of proof.

ORS 164.380, the larceny statute under which the indictment was drawn, specifies the particular animals within its coverage as "any horse, gelding, mare, mule, ass, jenny or foal, *bull, steer, cow, heifer, calf,* hog, dog, sheep or goat or any poultry bird, including

chickens, turkeys, ducks or geese * * *." (Emphasis supplied.)

From the choice of the descriptive nouns employed in the statute, it is apparent that the legislature attached some significance to the enumerated classes of livestock. Legislative concern with the vulnerability of livestock to theft is revealed also in another section (ORS 132.640) which provides that an indictment charging the theft of an animal is sufficient if it describes the animal by the common name of its class. Thus, all descriptive words other than the word designating the statutory class of the animal can be treated as surplusage. *State v. Eppers*, 138 Or 340, 355, 3 P2d 989, 6 P2d 1086 (1932). A designation of the class is, however, essential. Presumably a word could be substituted for the word employed in the statute to designate a class, provided that the substituted word was not inconsistent with the intended class alleged, e.g. "ox" for "steer", but not "filly" for "steer". In any event, the statutory class of animal stolen must be designated; otherwise there can be no purpose in the list of statutory classes.

■ Whether or not the allegation of a heifer in the indictment before us is material depends upon whether the word can be stricken from the indictment without rendering the pleading vulnerable to demurrer on the ground that it no longer states a crime. See *State of Oregon v. Horne*, 20 Or 485, 26 P 665 (1891). (See ORS 16.610 for similar rule in civil cases.)

When the quoted portion of the indictment is examined with the word heifer stricken, the indictment does not state the crime denounced by ORS 164.380. Neither the word Hereford nor the word yearling can be characterized as a synonym for the word heifer.

Wisely chosen or not, heifer is the only statutory word descriptive of livestock to be found in the indictment. It is, accordingly, a material allegation.

The only statutory (ORS 164.380) class of cattle which disregards the sex of the creature is the word calf. The state could have employed the neutral word calf. See *State v. Brinkley,* 55 Or 134, 104 P 893, 105 P 708 (1909). While there may be some overlapping in the common usage of the words calf and heifer, the two classes are not mutually inclusive. (All heifers are no doubt calves at some time, but certainly all calves are not heifers.) Indeed, in common usage, when a female calf is mature enough to be called a heifer, it ceases to be called a calf. A yearling Hereford is not necessarily a calf, and when further described as a heifer, it would be even more difficult to say the animal was described as a calf. If the indictment had alleged calf, the word steer in the evidence perhaps could have been dropped out as surplusage under the rule set forth in ORS 132.640. But the word heifer having been chosen, the state was bound to prove it.

■ We turn, then, to the proof. The record contains no evidence that the animal was a yearling heifer, or any kind of a female animal. It was a steer.

The stealing of a steer is not the same offense as the stealing of a heifer, under ORS 164.380, even though both crimes are denounced by the same statute. The point becomes obvious when the list is seen to include horses and geese. In *State v. Christy,* 131 Or 314, 282 P 105 (1929), we held that an indictment charging the stealing of five head of cattle (including steers, heifers, and cows) charged but one crime, but the state had to prove the allegtions of the indictment. There was no failure of proof, and while it was con-

tended that there was a variance between certain earmarks alleged in the indictment and the earmarks proven at the trial, the contention was rejected because the allegations concerning earmarks were nonessential. In that case, the indictment was challenged for duplicity, and the court held that the taking of the five animals constituted a single criminal transaction rather than five separate crimes. The crime proven was the crime alleged.

■ It is a fundamental principle of common law that a defendant cannot be tried for one crime and convicted of another. *State v. Howard,* 41 Or 49, 69 P 50 (1902). That case involved an indictment for stealing a horse (under what is now ORS 164.380), and proof of altering a brand (a violation of what is now ORS 165.405) was not proof of stealing the horse. To like effect see *State v. Moss,* 95 Or 616, 182 P 149, 188 P 702 (1920).

■ If the prosecution wanted to employ less restrictive nomenclature in its indictment, it was free to do so under ORS 164.310, which denounces the stealing of property. Had it proceeded under that section, however, the state would have had to prove the value of the property stolen, a burden it could avoid under ORS 164.380. Having chosen in this case to rely upon the livestock statute with its lighter burden of proof, the state is bound to prove at least that which was alleged in the indictment. The state did not do so.

If the defendant had rested at the conclusion of the state's case, he would have been entitled to a directed verdict at that time. The only remaining question is whether he cured the defect in the state's case by putting on his defense. The familiar rule in civil cases is that a defendant who proceeds with his own evidence

after the plaintiff has rested may cure any deficiencies in the plaintiff's case by supplying the missing evidence himself. *Gum, Adm. v. Wooge et al,* 211 Or 149, 155, 315 P2d 119 (1957). The same rule applies to a criminal case. *State v. Gardner,* 230 Or 569, 371 P2d 558 (1962).

It appears from the transcript that the defendant admitted the taking of the only animal testified to by the state's witnesses. He also admitted the appropriation of the animal to his own use. The only issue upon which there was a conflict in the evidence was that of consent. The defendant swore that he had the owner's permission to kill an animal for beef. The owner swore otherwise. The jury believed the owner.

The state now argues that since the defendant admitted taking an animal, and since he has conceded in his brief that he was not surprised by the variance between the pleading and proof, no reason exists for reversal in the case at bar. The difficulty in accepting the state's argument, practical though it may be on the peculiar facts of this case, lies in the fact that the state, even with the aid of the defendant's own testimony, still has not convicted him of the crime charged in the indictment. The proof supplied by the defendant was the same as that put on by the state, and did not cure the failure of proof challenged by the motion for acquittal.

■ We find no authority in a criminal trial to amend the pleadings to conform to the proof as is done in civil cases. Cf. ORS 16.630. The overwhelming weight of authority is to the contrary. *State v. Moyer,* 76 Or 396, 149 P 84 (1915); see Annotation, 101 ALR 1254. The time to amend the substantial facts alleged in an indictment is while the indictment is before the

grand jury. The state, having proven the defendant guilty of a different crime from that laid in the indictment, is in the same position in which it would find itself if it had proven him guilty of no crime at all.

While the conviction must be reversed because of the failure of the state to prove the crime laid in the indictment, there is respectable authority for the proposition that the variance between the pleading and proof would have been fatal in any event. See *Jordt v. The State,* 31 Texas 571, 98 Am Dec 550 (1869); *Martinez v. Territory,* 5 Ariz 55, 44 P 1089 (1896); *Mobley v. State,* 57 Fla 22, 49 So 941 (1909); and *Clemons v. State,* 150 Ark 425, 234 SW 475 (1921), all decided under livestock-larceny statutes very like our own.

Reversed.

O'CONNELL, J., dissenting.

The purpose of ORS 164.380 was to make the stealing of livestock a criminal offense. The specification in the statute of the various types of bovine animals subject to theft was not intended to make the characteristics of each type of bovine animal a matter of importance in charging or proving the crime. It was merely a method of more clearly describing the general class of animals the stealing of which would constitute a crime. Certainly the sex and maturity of the animals were not intended to be material elements in describing the property stolen.

The state could have framed the indictment to charge defendant simply with stealing a calf in which case it would be immaterial whether the proof established that the calf was male or female. The recitation in the indictment of an immaterial descriptive element

does not constitute the basis for asserting a variance when that element is not proved. I recognize that it has been held that where the indictment alleges a matter with unnecessary particularity there may be a variance if the unnecessary particulars are not proved. That rule should not be applied if the defendant has not been prejudiced or harmed in any way as a result of the unnecessary recitation. I fail to see how defendant could have been harmed in the preparation or presentation of his defense in the present case. He knew that he was charged with the theft of a yearling Hereford. The sex of the animal was not a material factor in the preparation or presentation of his defense.

A variance is material if the accused might be exposed to the danger of again being put in jeopardy for the same offense. *State v. Cook,* 154 Or 62, 59 P2d 249 (1936). That danger is not present here. If defendant is again charged with the theft of a steer calf the conviction in the present case would constitute a defense.

I believe that persons accused of crime should receive every possible protection reasonably necessary to safeguard their rights. I am not in favor, however, of permitting an accused who has been adequately apprised of the charge against him and who is in no danger of double jeopardy to set up purely technical defenses as defendant has done in the present case.

The majority opinion does not purport to rest its decision upon the ground that defendant was prejudiced by the variance between the allegation in the indictment and the proof. The majority opinion simply recites certain technical rules of criminal procedure and concludes that these rules must be applied in the

present case. That is the pattern of decision characteristic of the cases of an earlier day when the law of criminal procedure was a body of hypertechnical rules. The better reasoned cases today attempt to rid the law of these technical encumbrances. I had hoped that we might join in this enlightened view.

Rossman and Sloan, JJ., concur in this dissent.