Argued June 7, affirmed June 27, 1962

## STATE OF OREGON *v.* SHAW

372 P. 2d 777

*J. Raymond Carskadon,* Portland, argued the cause and filed briefs for appellant.

*Charles R. Harvey,* Deputy District Attorney, Port-

land, argued the cause for respondent. On the brief were Charles E. Raymond, District Attorney, and Oscar D. Howlett, Deputy District Attorney, Portland.

Before ROSSMAN, Presiding Justice, and PERRY, O'CONNELL, GOODWIN and LUSK, Justices.

GOODWIN, J.

The defendant appeals from a conviction of the crime of robbery (ORS 163.280).

There are five assignments of error. The first alleges that there was a failure of proof.

The indictment charged that the defendant "* * * being armed with a dangerous weapon, to-wit, a pistol, * * * did commit an assault upon one Joseph A. Steiert by pointing said pistol at and toward the said Joseph A. Steiert in a threatening and menacing manner, and did * * * [rob etc.]."

The proof was that the robber exhibited the pistol to his victim, then took it out of his belt and put it in his coat pocket while he supervised the victim's nervous and fruitless efforts to open a safe and later his successful efforts to fill a paper bag with money from the till of a grocery store. The defendant thus contends that since there was no proof that the pistol was pointed at the victim, the crime charged in the indictment was not proven. The contention is without merit.

The crime was assault and robbery with a dangerous weapon. The assault consisted in the use of the dangerous weapon to put the victim in fear and thereby to induce him to part with his money. Whether the pistol was pointed at the victim was essential

neither to the statement of the crime nor to its proof. The matter of disregarding surplusage (on demurrer) is fully discussed in *State v. Jackson,* 224 Or 337, 354, 355, 356 P2d 495 (1960) and (on the proof) in *State v. Christy,* 131 Or 314, 324, 325, 282 P 105 (1929).

■ The second assignment of error challenges the failure of the court to instruct the jury to disregard certain testimony concerning the flight from the scene of the crime of another person identified as an accomplice in the holdup. All the testimony concerning the activity of the other man was properly placed before the jury. The evidence tended to prove that the crime was a two-man enterprise. The proof was sufficient to link the defendant with the accomplice in the commission of the crime. There was no error.

The third assignment of error is substantially similar to the second and is equally devoid of merit.

■ The fourth assignment of error asserts that the defendant was denied a fair trial because the district attorney left a pistol lying on the counsel table during the trial but did not offer it in evidence. There is no merit in the assignment. There is no showing that the defendant ever asked, during a recess or otherwise, that the pistol be put out of the jury's view until it was to be offered. Further, there is nothing about a pistol, *per se,* which can be said to be so inflammatory as to deprive a defendant of a fair trial. If there were some substantial showing that the district attorney was pettifogging, there might be merit in an assignment of error such as we have before us, but no such showing is made. The reason the pistol was not offered appears to be that it was taken by the police, with other articles, in an illegal search of the defendant's motel room after his arrest, which had taken

place elsewhere. The trial court ruled, late in the trial when the matter was first called to its attention, that the state could not use exhibits taken illegally. There is no suggestion that the district attorney acted improperly.

The final assignment of error is apparently an invitation to this court to try the case *de novo,* as the defendant questions the weight of the evidence to prove his guilt beyond a reasonable doubt. No useful purpose would be served by discussing the assignment.

Affirmed.